### Burnie Short v. The People, etc.

1. INTOXICATING LIQUORS—*What is Not a Sale to a Minor.*—Several persons contributed a sum of money and sent a minor with it for beer, which he got and carried back to them. *Held,* that if the beer was sold to the minor as the agent of the persons contributing the money to buy it, there could be no conviction of the vendor for selling intoxicating liquors to minors.

**Indictment for Selling Intoxicating Liquors to Minors.**—Error to the Circuit Court of Ford County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1901. Reversed and remanded. Opinion filed September 11, 1901.

KERR & LINDLEY, attorneys for plaintiff in error; PAYSON & KESSLER, of counsel.

A. L. PHILLIPS, State's Attorney, for defendant in error.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was an indictment against the plaintiff in error for selling intoxicating liquors to Alonzo Phillips, a minor, without the written order of his parent, guardian or family physician. A trial by jury ended in a verdict of guilty upon the first count of the indictment, and the court, having overruled a motion for a new trial, gave judgment against the plaintiff in error for a fine of one hundred dollars and the costs of prosecution, to reverse which this writ of error is prosecuted, and to accomplish such reversal it is argued the verdict is against the law and the evidence of the case.

We think the evidence establishes the fact that twenty-seven bottles of beer were delivered by plaintiff in error to Alonzo Phillips, a minor, as the agent of Rowland and

others who had together contributed $2.85, the price of the beer, which sum, at the request of Rowland and others, the boy carried to plaintiff in error, received the beer and conveyed it in a buggy to the village of Melvin, where it was received by those who contributed the money. It does not appear the boy got or drank any of the beer, or that he had any interest therein. He was hired to convey the beer from plaintiff in error to the purchasers. He had a written order from Rowland for the beer to be purchased for Rowland. The court instructed the jury, both at the request of the people and defendant, that if the beer was sold to Phillips as the agent of others, there could be no conviction. We think such instruction is clearly the law, and besides, having induced the court to instruct the jury that such was the law, the prosecution is in no position to claim in this court that a sale to the minor as the agent of others would be a violation of the statute. It is clear from the evidence the sale was so made, and was in reality a sale to those who furnished the money, and received the beer, the boy being a mere carrier for hire. The judgment of the Circuit Court will be reversed and the cause remanded.